Case No. 22-10279

# United States Court of Appeals
## for the Ninth Circuit

United States of America,

       Plaintiff/Appellee,

v.

Julio Arencibia,

       Defendant/Appellant.

D.C. No. 2:21-cr-00253-RFB-BNW

Appeal from the United States District Court
for the District of Nevada

## Appellant Julio Arencibia's
## Opening Brief

Rene L. Valladares
Federal Public Defender
*Ellesse Henderson
Assistant Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577

*Counsel for Appellant Julio Arencibia

# Table of Contents

Table of Contents ................................................................. i

Table of Authorities .......................................................... iii

Jurisdictional Statement .................................................... 1

Detention Status ................................................................ 1

Issues Presented ................................................................ 2

Relevant Constitutional Provisions, Statutes, and Sentencing
    Guidelines ................................................................ 2

Statement of the Case ....................................................... 2

I.    Arencibia was convicted of unlawful possession of a firearm. ........ 2

II.   The district court imposed a 14-month sentence to "start today." .. 3

III.  The district court after sentencing twice amended the written
    judgment to remove language that the sentence was to "commence
    this day." ........................................................................... 7

Summary of the Argument ...................................................... 9

Argument ........................................................................... 10

I.    Arencibia timely appealed from the first and second amended
    judgments. ................................................................... 10

   A.    Standard of review ...................................................... 10

   B.    Because the first and second amended judgments substantively
       altered Arencibia's sentence, his appeal is timely ..................... 11

II.   The district court erred at sentencing. ...................................... 14

   A.    Standard of review ...................................................... 14

   B.    The district court procedurally erred by imposing a consecutive
       sentence without considering Section 5G1.3(c) of the Guidelines.
       ........................................................................ 16

C.    The district court improperly delegated discretion over supervised release. ........................................................ 17

III.   The district court improperly amended the judgment. ................. 19

A.    Standard of review ........................................................ 19

B.    The district court clearly erred by substantively amending the judgment under Rule 36. ........................................... 19

Conclusion .............................................................................. 23

# Table of Authorities

## Cases

*Fed. Trade Comm'n v. Minneapolis-Honeywell Regul. Co.,*
344 U.S. 206 (1952) ..................................................................... 11, 13

*Feldman v. Allstate Ins. Co.,*
322 F.3d 660 (9th Cir. 2003) ............................................................ 10

*United States v. Antonie,*
953 F.2d 496 (9th Cir. 1991) ................................................. 11, 12, 13

*United States v. Aquino,*
794 F.3d 1033 (9th Cir. 2015) ............................................................ 15

*United States v. Barragan-Mendoza,*
174 F.3d 1024 (9th Cir. 1999) ........................................................... 19

*United States v. Bell,*
770 F.3d 1253 (9th Cir. 2014) ........................................................... 15

*United States v. Bergmann,*
836 F.2d 1220 (9th Cir. 1988) ...................................................... 20, 22

*United States v. Carty,*
520 F.3d 984 (9th Cir. 2008) (en banc) ............................................. 15

*United States v. Chea,*
231 F.3d 531 (9th Cir. 2000) ............................................................. 17

*United States v. Cheal,*
389 F.3d 35 (1st Cir. 2004) ..................................................... 11, 12, 13

*United States v. Conkins,*
9 F.3d 1377 (9th Cir. 1993) ............................................................... 17

*United States v. Dickie,*
752 F.2d 1398 (9th Cir. 1985) ...................................................... 19, 20

*United States v. Edwards,*
    800 F.2d 878 (9th Cir. 1986) ............................................................. 19

*United States v. Evans-Martinez,*
    611 F.3d 635 (9th Cir. 2010) ............................................................. 15

*United States v. Gamma Tech Indus., Inc.,*
    265 F.3d 917 (9th Cir. 2001) ............................................................. 23

*United States v. Golden Valley Elec. Ass'n,*
    689 F.3d 1108 (9th Cir. 2012) ........................................................... 14

*United States v. Guevremont,*
    829 F.2d 423 (3d Cir. 1987) ....................................................... 20, 22

*United States v. Joseph,*
    716 F.3d 1273 (9th Cir. 2013) ........................................................... 15

*United States v. Kaye,*
    739 F.2d 488 (9th Cir. 1984) ..................................................... 20, 22

*United States v. Merlino,*
    592 F.3d 22 (1st Cir. 2010) ............................................................... 13

*United States v. Munoz-Dela Rosa,*
    495 F.2d 253 (9th Cir. 1974) ............................................................. 22

*United States v. Navarro,*
    800 F.3d 1104 (9th Cir. 2015) ..................................................... 11, 14

*United States v. Nishida,*
    53 F.4th 1144 (9th Cir. 2022) ..................................................... 17, 18

*United States v. Penna,*
    319 F.3d 509 (9th Cir. 2003) ................................................. 19, 20, 22

*United States v. Vallejos,*
    742 F.3d 902 (9th Cir. 2014) ............................................................. 15

## Federal Statutes

18 U.S.C. § 922 ................................................................. 3

18 U.S.C. § 924................................................................. 3

18 U.S.C. § 3231 .............................................................. 1

18 U.S.C. § 3553 .................................................... 6, 9, 17

18 U.S.C. § 3582 ............................................................ 19

18 U.S.C. § 3742 .............................................................. 1

28 U.S.C. § 1291 .............................................................. 1

## Federal Rules

Federal Rule of Appellate Procedure 4 ........................... 11, 14

Federal Rule of Criminal Procedure 35 ................................. 7

Federal Rule of Criminal Procedure 36 .................... 8, 10, 12, 19, 20, 22

## United States Sentencing Guidelines

U.S.S.G. § 5G1.3 ............................................................ 16, 17

# Jurisdictional Statement

The district court had jurisdiction under 18 U.S.C. § 3231. It entered judgment on September 22, 2022. 2-ER-134–40. Arencibia filed a late notice of appeal on October 24, 2022, 2-ER-155–56, along with an unopposed motion to extend the time for filing a notice of appeal, 2-ER-52–57. The district court amended its judgment on November 7, 2022. 2-ER-141–47. The following day, Arencibia filed an amended notice of appeal. 2-ER-157–58. On November 9, 2022, the district court issued a second amended judgment. 2-ER-148–54. Arencibia filed a second amended notice of appeal on November 14, 2022. 2-ER-159–60.

This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

# Detention Status

Arencibia is in state pretrial custody at the Clark County Detention Center. The Bureau of Prisons has not yet calculated his federal release date.

## Issues Presented

I.     Whether Arencibia timely appealed his sentence when he filed his notice of appeal within 14 days of the district court's first and second amended judgments, which substantively altered his sentence.

II.     Whether the district court procedurally erred at sentencing by failing to properly consider the Guidelines and imposing an unconstitutional condition of supervised release.

III.     Whether the district court improperly amended the judgment.

## Relevant Constitutional Provisions, Statutes, and Sentencing Guidelines

The attached Addendum contains the relevant sources.

## Statement of the Case

## I.     Arencibia was convicted of unlawful possession of a firearm.

Arencibia was born in Havana, Cuba, and he moved to Las Vegas in 1991, when he was a teenager.  Presentence Investigation Report (PSR), p. 3, ¶¶ 35, 37.  He was raised by his mother, and, after a brutal beating during a home invasion left her paralyzed, he became her

2

caretaker. PSR, ¶¶ 35–36. He began abusing cocaine and methamphetamine after the beating. PSR, ¶ 44.

In 2021, state law enforcement investigated a shooting at Arencibia's home. PSR, ¶ 4. They found Arencibia at a hotel and, after searching his room, recovered a handgun. PSR, ¶ 4. He was arrested for battery with a deadly weapon and detained at Clark County Detention Center. PSR, ¶¶ 4, 32. A few months later, he was indicted in federal court, where he appeared on a writ of habeas corpus ad prosequendum. PSR, ¶¶ 3–4; 2-ER-131–33.

A few months later, Arencibia pled guilty without a plea agreement to possessing a firearm as a prohibited person, 18 U.S.C. §§ 922(g)(1), 924(a)(2), based on prior convictions for robbery and conspiracy to commit battery. 2-ER-105–33.

## II.  The district court imposed a 14-month sentence to "start today."

At the sentencing hearing, the district court calculated Arencibia's Guidelines range at 24 to 30 months' imprisonment, including a four-level enhancement for using a firearm in connection with a separate felony. 1-ER-14–21; *see* PSR, ¶ 12. The court noted the presumption in

3

favor of concurrent sentences, 1-ER-10–11, but then stated repeatedly it did not matter whether he announced the sentence was concurrent or consecutive, because he was going to order the sentence to begin that day:

> [W]hat I will say is his sentence is going to start today. So I'm not sure how that actually works out because he hasn't actually received his State Court sentence.
>
> So I think that in that instance . . . His sentence will start today, and I'm not sure since he hasn't been sentenced in the State that the Court's determination about concurrent or consecutive time will have any significance, actually, in this case.
>
> . . . Because as I think about it, I don't know that it matters in this sentence. I'm giving him credit, but I'm giving him a sentence. The sentence has to start today. I can't suspend it. I guess I could order for it to start at a future date, but since it's starting today, it's effectively, I think, concurrent anyway because he hasn't been sentenced.
>
> So I think it might be more confusing than not actually . . . for me to run it consecutive, in part, because I don't really know how it would run consecutive if there's no sentence there. I think the only thing that I could do, which is what I'm going to do, which is impose a 14-month sentence to start today and not run it concurrent, but it will start today.

1-ER-27–28 (first ellipses in original).

The district court repeated several additional times that the sentence would begin that day, stating "I don't know that it really matters at this point" whether a consecutive or concurrent sentence was specified.  1-ER-28. The court continued, "what I'm going to do is I'm not going to order concurrent or consecutive.  I'm simply going to order a 14-month sentence starting from today in this case."  1-ER-28.  After defense counsel noted "that the only way to have this sentence start today is to run it concurrent," the court reiterated its decision that the sentence would begin that day:

> So what I'm going to do is impose a sentence of 14 months, right, starting from today.  As there's no State Court sentence and as the Court can't ascertain what that will be, I'm not going to order it to run concurrent or consecutive, but I am going to order that the sentence start today because I believe that legally it has to start today. And so that will be the sentence of the Court."

1-ER-28.

The district court then imposed a three-year term of supervised release, including a special condition recommended by the probation officer:  "You must participate in a mental health treatment program

5

and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)." PSR, p. 20; 1-ER-29–32.

After the district court pronounced the sentence, it returned to the issue of concurrent versus consecutive. 1-ER-32–35. The court, without discussing the Guidelines presumption or the Section 3553(a) factors, decided the federal sentence would run consecutively to the anticipated state sentence:

> So what I am going to do is I am going to run the sentence consecutive. I think that it's a short enough sentence that it addresses just the possession, but it addresses possession with— while another felony is being committed. And if the State determines that there's a more serious state offense related upon his conduct, then he will be sentenced on that. But I think a 14-month sentence on its own apart from that conduct is appropriate here and it's appropriate to run them consecutive. And so I'm going to order that it run consecutive to his State Court sentence.

1-ER-34–34.

The original judgment of conviction reflected the district court's oral pronouncement of sentence: "Fourteen (14) months incarceration

to commence this day, to run consecutive to the State Court sentence."
2-ER-135.  An attorney for BOP later explained that, for a defendant in
primary federal custody, it would read a judgment starting a sentence
"that day" as running concurrently to a state sentence, whether or not
the district court specified it was consecutive.  2-ER-72.  But for a
defendant in primary state custody, commencing the sentence "that
day" would be inconsistent with simultaneously imposing a consecutive
sentence.  2-ER-72.

## III.  The district court after sentencing twice amended the written judgment to remove language that the sentence was to "commence this day."

Two weeks after sentencing, on October 6, 2022, Arencibia moved
for reconsideration under Rule 35 of the Federal Rules of Criminal
Procedure.  2-ER-68–75.  In the motion, Arencibia argued the district
court could correct the conflict in the written judgment (between "this
day" and consecutive) by specifying that the federal sentence would run
concurrently with the anticipated state sentence.  2-ER-71–75.  If the
court did so, consistent with the oral pronouncement of sentence, the
federal sentence could start from the day of the sentencing hearing.  2-
ER-71–75.  Arencibia additionally asked to stay the deadline for filing a

notice of appeal.  2-ER-68.  The government on October 18 responded that, because more than 14 days had already passed, the district court lacked jurisdiction to rule on the motion.  2-ER-59–67.  Arencibia two days later, on October 20, conceded the motion was untimely, moved to withdraw the motion, and filed an unopposed motion to extend the time to file a notice of appeal, as that deadline, too, had passed.  2-ER-51–58. On October 24, 2022, Arencibia filed a late notice of appeal.  2-ER-155–56.

Instead of ruling on the motion to extend the time on the notice of appeal, the district court on November 1, 2022, announced its intention to amend the judgment under Rule 36.  1-ER-10.  At the Rule 36 hearing on November 4, the district court stated multiple times its intent for Arencibia's federal sentence to run consecutively to his anticipated state sentence.  1-ER-4–8.  The court acknowledged a consecutive sentence could conflict with language in the judgment that the sentence was "to start this day."  1-ER-4–5.  Because that language in turn conflicted with the district court's intent, the court struck the language from the judgment, noting "the judgment is supposed to reflect the intent of the Court."  1-ER-6–8.

The district court on November 7, 2022, issued an amended judgment, making one change relevant to this appeal[1]:

| Original Judgment | First Amended Judgment |
| --- | --- |
| Fourteen (14) months incarceration to commence this day, to run consecutive to the State Court sentence.  2-ER-135. | Fourteen (14) months incarceration*, to run consecutive to the State Sentence, #C-21-357095.  2-ER-142. |

After issuing a second amended judgment identical to the first amended judgment, 2-ER-148–54, the district court in a minute order on March 1, 2023, denied as moot Arencibia's motion to file a late notice of appeal, 1-ER-2.

## Summary of the Argument

Arencibia was charged in both state and federal court for related conduct—in federal court for unlawful possession of a firearm, and in state court with battery using that same firearm.  The district court at sentencing largely ignored the Guidelines presumption in favor of a concurrent sentence for the two offenses, ordering without discussing the § 3553(a) factors that the federal sentence run consecutively to the

---

[1] The amended judgment additionally removed a special condition of supervised release involving gang affiliation.  *Compare* 2-ER-138, *with* 2-ER-145.

9

anticipated state sentence.  The court then under Rule 36 of the Federal Rules of Criminal Procedure amended the written judgment to remove that the sentence was to "commence [that] day," admitting the written judgment—though it matched the court's statements at sentencing—did not match its intent.

The district court procedurally erred at sentencing by not considering the presumption in favor of concurrent sentences and not explaining its decision to depart from the Guidelines.  And the court additionally erred by amending the written judgment without authority, in a way that conflicts with the oral pronouncement that Arencibia's sentence would begin that day.  Arencibia timely appealed from the amended judgments.

Remand is required.

## Argument

## I. Arencibia timely appealed from the first and second amended judgments.

### A. Standard of review

This Court reviews de novo the timeliness of a notice of appeal, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003), and for

abuse of discretion a district court's denial of a motion to extend the time under Federal Rule of Appellate Procedure 4(b)(4), *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015).

**B.  Because the first and second amended judgments substantively altered Arencibia's sentence, his appeal is timely.**

Arencibia had 14 days to file a notice of appeal from "the entry of either the judgment or the order being appealed."  Fed. R. App. P. 4(b)(1)(A)(i).  He filed a notice of appeal within 14 days of both the first amended judgment and the second amended judgment.  2-ER-157–60. Although he did not file a notice of appeal within 14 days of the original judgment, his appeal is timely if the district court, in its amended judgments, "disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regul. Co.*, 344 U.S. 206, 211–12 (1952); *see United States v. Antonie*, 953 F.2d 496, 497 n.1 (9th Cir. 1991); *United States v. Cheal*, 389 F.3d 35, 52 (1st Cir. 2004).

The first and second amended judgments substantively altered Arencibia's sentence from the original judgment.  In the original judgment, reflecting the district court's comments at sentencing, the

sentence was set "to commence this day." 2-ER-135. That language was omitted from the first and second amended judgments. 2-ER-142, 149. This substantively changed Arencibia's sentence; instead of his federal sentence beginning the same date of the original judgment and sentencing hearing, September 22, 2022, his sentence will begin to run only after he serves his state sentence or is acquitted in state court. Because his state proceedings are still pending, the difference between the judgments is at this time seven months' imprisonment, with the possibility of significant additional time.

In *Antonie*, 953 F.2d at 497 n.1, this Court considered a similar question. The district court in *Antonie* amended its judgment to specify the defendant's sentences would run concurrently. *Id.* This Court held the government's notice of appeal was timely, when it was filed within 30 days of the amended judgment, not the original judgment. *Id.*; *see also Cheal*, 389 F.3d at 52 (explaining amended judgment affects time for notice of appeal "when the judgment-issuing court alters matters of substance or resolves some genuine ambiguity" (quoting *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 223 n.2 (1st Cir. 1994)).

Just as in *Antonie*, because the amended judgments here "'disturbed or revised legal rights and obligations,' the [14]-day filing period for appeal began anew the day the [amended judgments were] entered." *Antonie*, 953 F.2d at 497 n.1 (quoting *Minneapolis-Honeywell Regulator Co.*, 344 U.S. at 212) (alterations in original omitted). In addition, this Court should consider the adequacy of Arencibia's notices of appeal "in light of general principles that 'encourage [courts] to construe notices of appeal liberally and examine them in the context of the record as a whole.'" *Cheal*, 389 F.3d at 53 (quoting *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 3 (1st Cir. 2002)); *see United States v. Merlino*, 592 F.3d 22, 32 (1st Cir. 2010). "The core purpose of a notice of appeal is to 'facilitate a proper decision on the merits.'" *Cheal*, 389 F.3d at 53 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And Arencibia's timely notices of appeal were "sufficiently clear in [their] intent to challenge" the sentence imposed consecutively to the anticipated state sentence. *Id.*

Should this Court disagree, however, remand is required for the district court to consider Arencibia's motion to extend the time to file a notice of appeal. Federal Rule of Appellate Procedure 4(b)(4) allows the

district court, in its discretion, to extend the time to file a notice of appeal "[u]pon a finding of excusable neglect or good cause."  The district court denied Arencibia's unopposed motion without prejudice as moot, given the amended judgments.  1-ER-2.  If the amended judgments did not renew the period for filing a notice of appeal, the district court erred by denying the motion as moot.  *See United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1112 (9th Cir. 2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *see also Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018).  The district court should be given the opportunity to decide whether to exercise its discretion to extend the time.  *See Navarro*, 800 F.3d at 1109–10.

## II.   The district court erred at sentencing.

### A.   Standard of review

This Court "review[s] the district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts of the case for an abuse of discretion, and its factual findings for

clear error." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014); *see United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). A district court abuses its discretion by committing legal error, failing to adequately explain its sentencing decision, or resting that decision on clearly erroneous facts. *Id*.

This Court generally reviews de novo whether a supervised release condition violates the Constitution. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). Arencibia did not object to the supervision condition he challenges on appeal. In that instance, the Court would generally review for plain error, whether there is: (1) an error (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Bell*, 770 F.3d 1253, 1256 (9th Cir. 2014). However, in this case this Court may review this challenge de novo because review of the condition is a legal question, and the government will suffer no prejudice. *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010); *United States v. Joseph*, 716 F.3d 1273, 1276 n.4 (9th Cir. 2013).

15

### B.    The district court procedurally erred by imposing a consecutive sentence without considering Section 5G1.3(c) of the Guidelines.

After stating multiple times it intended the sentence to "start today," the district court at the sentencing hearing ordered it to run consecutive to an anticipated state sentence.  1-ER-27–29, 32–35.  The district court failed to properly consider Section 5G1.3(c) of the Guidelines, which instructs when a federal sentence should run concurrently with an anticipated state sentence: "If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."  U.S.S.G. § 5G1.3(c).

The state offense here was relevant conduct—the district court increased Arencibia's base offense level by four levels for using a firearm in connection with a separate felony.  1-ER-14–21; *see* PSR, ¶ 12.  But the district court failed to address Section 5G1.3(c) when it ordered Arencibia's federal sentence to run consecutively to his state sentence.  The court failed to explain why it was departing from the Guidelines presumption in favor of concurrent sentences.  U.S.S.G. §

16

5G1.3(c). And the court failed to tie that departure to the Section 3553(a) factors. U.S.S.G. § 5G1.3, commentary. These failures constituted procedural error, and remand is required. *See United States v. Conkins*, 9 F.3d 1377, 1385–86 (9th Cir. 1993), *as amended* (Nov. 15, 1993), *as amended* (Dec. 29, 1993); *United States v. Chea*, 231 F.3d 531, 536–39 (9th Cir. 2000).

## C. The district court improperly delegated discretion over supervised release.

As a special condition of supervised release, the district court ordered Arencibia "participate in a mental health treatment program and follow the rules and regulations of that program." 2-ER-152. The court delegated to the probation officer, "in consultation with the treatment provider," supervision over Arencibia's "participation in the program (provider, location, modality, duration, intensity, etc.)." 2-ER-152.

By not specifying the contours of the mental health treatment, the district court improperly delegated sentencing authority to the probation officer. In *United States v. Nishida*, 53 F.4th 1144 (9th Cir. 2022), this Court vacated two special conditions of supervised release on

17

plain error review, concluding the conditions gave the probation officer improper authority to dictate the nature and extent of punishment. The two conditions required the defendant to participate in substance abuse and mental health treatment, providing "the 'probation officer, in consultation with the treatment provider, will supervise [Nishida's] participation in the program (such as provider, location, modality, duration, and intensity)." *Id.* at 1148 (alteration in original).

An identical condition exists for Arencibia. 2-ER-152. Arencibia's probation officer will consequently have discretion to decide whether he must participate in inpatient or outpatient treatment. For the same reasons provided in *Nishida*, this involves an improper delegation of authority over the "nature and extent" of punishment. *See Nishida*, 53 F.4th at 1151 ("[W]hether a defendant must participate in . . . treatment is a determination of 'the nature or extent of the punishment,' which cannot be delegated to a nonjudicial officer." (citation omitted)). Such error "cannot stand in our constitutional system," *id.* at 1155, warranting relief under either de novo or plain error review, *id.* at 1150–53.

## III.  The district court improperly amended the judgment.

### A.     Standard of review

This Court reviews for clear error a district court's decision to amend a judgment under Federal Rule of Criminal Procedure 36. *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985).

### B.     The district court clearly erred by substantively amending the judgment under Rule 36.

For two reasons, district courts generally cannot amend a criminal judgment after sentencing.  First, the "filing of a notice of appeal is an event of jurisdictional significance." *United States v. Edwards*, 800 F.2d 878, 883 (9th Cir. 1986).  "[I]t confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (alteration in original).  And, second, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).

19

Federal Rule of Criminal Procedure 36 is a limited exception to this rule, allowing a district court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. It is proper under Rule 36 to correct an error by the clerk of the court "in describing the sentence imposed." *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988) (quoting *Dickie*, 752 F.2d at 1400). But Rule 36 "may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003); *see United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984); *see also United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (internal quotation marks and citation omitted)).

The first and second amended judgments did not simply correct a clerical error. To the contrary, the judgments removed language that the sentence was to start the day of the sentencing hearing. *Compare* 2-ER-135 ("Fourteen (14) months incarceration to commence this day, to run consecutive to the State Court sentence."), *with* 2-ER-142

("Fourteen (14) months incarceration\*, to run consecutive to the State Sentence, #C-21-357095"), *and* 2-ER-149 (same). The removed language came directly from the district court's oral pronouncement of sentencing. *See* 1-ER-27 ("[H]is sentence is going to start today."); 1-ER-27 ("His sentence will start today."); 1-ER-27 ("The sentence has to start today."); 1-ER-27 ("[S]ince it's starting today, it's effectively, I think, concurrent anyway because he hasn't been sentenced."); 1-ER-28 ("[T]he only thing that I could do, which is what I'm going to do, which is impose a 14-month sentence to start today and not run it concurrent, but it will start today."); 1-ER-28 ("I'm simply going to order a 14-month sentence starting from today in this case."); 1-ER-29 ("[W]hat I'm going to do is impose a sentence of 14 months . . . starting from today."); 1-ER-29 ("I am going to order that the sentence start today because I believe that legally it has to start today.").

By removing that language, the amended judgments substantively changed Arencibia's sentence. Had the federal sentence begun running the day of the sentencing hearing, the sentences would be effectively running concurrently, and Arencibia would have at this point served seven months of his federal sentence. That time would continue to run

21

while he contested his state charges. But under the amended judgments, Arencibia would not start serving his federal sentence until after he either serves his state sentence or resolves the state charges. This sort of substantive change—between a sentence beginning in September 2022 and a sentence beginning at some unknown point in the future—is not allowed under Rule 36. *See Penna*, 319 F.3d at 513; *Kaye*, 739 F.2d at 490–91; *Guevremont*, 829 F.2d at 426–27.

Holding to the contrary would allow district courts to amend judgments to fix errors or conform to unspoken intent at sentencing. But "this Court has uniformly held that the oral pronouncement, as correctly reported, must control." *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974). "All acknowledge that judges are human and may misstate their intention at the time of sentencing." *Id*. But various factors—(1) "the interests of justice, in the light of constitutional double jeopardy protections," (2) the "defendant's right to be present at the time of sentencing," and (3) the defendant's right "to speak on his own behalf"—require "strict adherence to the axiom that an unambiguous oral pronouncement of a legal sentence must control." *Id*.; *see Bergmann*, 836 F.2d at 1222–23.

Because the district court lacked authority to amend the judgment to fix a purported error in the oral pronouncement, the proper remedy is to vacate the second and third amended judgments and conform the judgment to the oral pronouncement. *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 923 n. 4 (9th Cir. 2001).

## Conclusion

This Court should vacate the amended judgment imposing a consecutive sentence and remand.

Dated: April 24, 2023

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Ellesse Henderson*
Ellesse Henderson
Assistant Federal Public Defender

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-10279

I am the attorney or self-represented party.

**This brief contains** | 4,304 | **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [       ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Ellesse Henderson | **Date** | 04/24/2023

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/2018*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 22-10279

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Julio Arencibia
Clark County Detention Center
330 S. Casino Center Blvd.
Las Vegas, NV 89101

**Description of Document(s)** *(required for all documents)*:

Opening Brief

**Signature** | s/ Ellesse Henderson | **Date** | 04/24/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15** | *Rev. 12/01/2018*